UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA DEL PILAR POSE BEIRO,

                Plaintiff,

-against-

CFA INSTITUTE,

                Defendant.

19-CV-9189 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Maria Del Pilar Pose Beiro, a citizen of Spain, filed this complaint *pro se* and *in forma pauperis* under the Court's diversity jurisdiction, 28 U.S.C. § 1332, against the CFA Institute in New York City.[1] In brief summary, Plaintiff enrolled in a CFA program in 2016. It appears that Plaintiff participated in the program online, but the complaint does not make this completely clear. In 2017, Plaintiff did not pass an examination, and she was unhappy with the CFA Institute's customer service response to her complaints about a number of issues. Plaintiff alleges generally that Defendant engaged in "tortious" conduct against her, for which she seeks money damages.

Plaintiff asserts that she filed a case in an unidentified court "in the UK," where she lived at the time, but the matter was "struck out because the CFA Institute is not governed by UK laws," and in small claims court in Charlottesville, Virginia. Plaintiff failed to mention three prior actions she filed against the CFA Institute, arising out of these same events, in the United States District Court for the Western District of Virginia. *See Beiro v. Sharp*, No. 18-CV-55

---

[1] Plaintiff did not explain in her complaint what the CFA Institute is, but an internet search reveals that it is a non-profit membership organization for investment professionals, with offices in New York, Virginia, and Washington, D.C. *See also CFA Institute v. Andre*, 74 F. Supp. 3d 462 (D.D.C. 2014) (explaining CFA's function).

(W.D. Va. July 20, 2018) (dismissing complaint for lack of subject matter jurisdiction); *Beiro v. CFA Institute*, No. 18-CV-69 (W.D. Va. Aug. 22, 2018) (same); and *Beiro v. CFA Institute*, No. 18-CV-00088 (W.D. Va. Aug. 22, 2018) (same). The Court learned about those three cases through a search of Public Access to Court Electronic Records (PACER).

In light of this prior litigation, by order dated November 12, 2019, the Court directed Plaintiff to show cause why this matter should not be transferred, in the interest of justice under 28 U.S.C. § 1404(a), to the United States District Court for the Western District of Virginia. The Court also informed Plaintiff that it could impose a filing injunction or other sanction under 28 U.S.C. § 1651 for her knowingly have pursued duplicative or nonmeritorious litigation.

In her response to that order, Plaintiff asserts that venue is proper in this Court because the CFA Institute "does business" in New York and "is engaged in a significant amount of activity that constitutes 'minimum contact' in the state." She also notes that the Financial Industry Regulatory Agency (FINRA) had informed her that because the CFA Institute "operates in Charlottesville, Virginia, and New York, New York," she could "reach out to each state's corporation commission" in order to resolve the dispute. Plaintiff asks that a filing injunction or other sanction not be imposed.

Even if venue were proper in this District, Plaintiff has failed to show that this matter should not be transferred to the court where she previously filed three actions against the same defendant about the same events. The Court will not impose any sanctions against Plaintiff at this time, but the warning set forth in the November 12, 2019 order remains in effect.

For the reasons set forth in the November 12, 2019 order to show cause, this matter is transferred in the interest of justice under § 1404(a) to the United States District Court for the Western District of New York.

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Virginia. The Clerk of Court is further directed to mail a copy of this order to Plaintiff, and note service on the docket. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 31, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge